1  THOMAS P. ROUTH (IL SBN 6237996)
   tpr@nolan-law.com
2  **NOLAN LAW GROUP**
   20 North Clark Street
3  30th Floor
   Chicago, IL 60602
4  Telephone: (312) 630-4000
   Facsimile: (312) 630-4011
5
   *Attorney for Plaintiff, Eugene Rah*
6
7               UNITED STATES DISTRICT COURT FOR THE

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  **EUGENE RAH, an individual,**          Case No. _____

11            **Plaintiff,**
                                            **ABBREVIATED COMPLAINT**
12       **vs.**

13  **ASIANA AIRLINES, INC., a corporation;**
    **THE BOEING COMPANY, a corporation;**
14  **AIR CRUISERS D/B/A ZODIAC**
    **AEROSPACE, a corporation,**
15
16            **Defendants.**

---

**ABBREVIATED COMPLAINT**

## I. INTRODUCTION

1. Plaintiff brings this action for damages and complains of the Defendant ASIANA AIRLINES, INC. ("ASIANA"), Defendant THE BOEING COMPANY ("BOEING"), and Defendant AIR CRUISERS COMPANY, LLC d/b/a ZODIAC AERO EVACTUATION SYSTEMS, a subsidiary of ZODIAC AEROSPACE, S.A. ("ZODIAC") as set forth below. Plaintiff is filing this abbreviated complaint as permitted by Case Management Order No. 2 in *In re: Air Crash at San Francisco, California on July 6, 2013* MDL No. 2497.

## II. SYNOPSIS OF CLAIM

2. On July 6, 2013 at approximately 11:27 a.m. PDT, the main landing gear and fuselage of a Boeing 777-200ER, registration HL7742 ("subject aircraft") operating as ASIANA Flight 214 ("subject flight") impacted the airport perimeter sea wall just short of runway 28L at SFO while attempting to land following a perilously low altitude flight-path, low air-speed approach. This landing was the result of a combination of factors caused by the negligence and failures of the named defendants, for which Plaintiff suffered economic and non-economic damages.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331(a) in that this matter arises under the laws and treaties ratified by the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). Defendant ASIANA is a signatory to the Montreal Convention via the International Air Carrier Transportation Association ("IATA") Intercarrier Agreement on Passenger Liability which specifically removes limitations on damages.

4. The Court also has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332, as this case involves a dispute between Plaintiff, a United States citizen, a California resident, a passenger with a destination of California, and/or a passenger who entered into the contract of carriage in the United States, and Defendants, corporations based in South Korea, France, the State of Illinois, and the State of New Jersey and the amount in controversy exceeds the jurisdictional minimum of this Court.

5. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California and because Defendants are subject to personal jurisdiction in the Northern District of California and because Defendants have sufficient contacts because they do business and/or commerce in California.

## IV. PARTIES

### A. Plaintiff

6. Plaintiff has suffered physical, emotional, and/or economic injuries as a result of the ASIANA Flight 214 crash at SFO on July 6, 2013.

### B. Defendants

7. Defendant **THE BOEING COMPANY** is a Delaware corporation with its principal place of business in the State of Illinois. Boeing is, and at all relevant times was, registered with the California Secretary of State as doing business in California, and it does business in California and in this Judicial District.

8. Defendant **ASIANA AIRLINES, INC.** is a foreign corporation domiciled in and existing under the laws of South Korea. Defendant ASIANA AIRLINES is, and at all relevant times was, registered with the California Secretary of State as doing business in California, and it does business in California and in this Judicial District.

9. Defendant **ASIANA AIRLINES, INC.** is, and at all times relevant was, a common carrier for hire in the business of soliciting and/or transporting passengers for regularly scheduled flights in and out of San Francisco International Airport to destinations in South Korea and throughout the world.

10. Defendant **ASIANA AIRLINES, INC.** is, and at all times relevant was, a carrier within the meaning of the Montreal Convention, operating round-trip flights between San Francisco, California, to Seoul, South Korea and throughout the world.

11. Defendant **AIR CRUISERS COMPANY, LLC** is a Delaware limited liability company with its principal place of business in Wall Township in the State of New Jersey. AIR CRUISERS COMPANY, LLC has been a subsidiary of ZODIAC AEROSPACE, S.A. since

1987, and in 2013, AIR CRUISERS COMPANY, LLC began doing business as ZODIAC AERO EVACUATION SYSTEMS to establish its presence as a member of the ZODIAC AEROSPACE, S.A. group.  Defendant ZODIAC AEROSPACE, S.A., is a French societé anonyme with a Management Board and Supervisory Board with its principal place of business in Plaisir, France.

12. Defendant **ZODIAC AEROSPACE**, through its subsidiary AIR CRUISERS COMPANY, LLC d/b/a ZODIAC AERO EVACUATION SYSTEMS, routinely engages in continuous and systematic business in this District.  The evacuation slides/rafts on ASIANA Flight 214 were manufactured by AIR CRUISERS COMPANY, LLC.  According to the 2012-13 Annual Report of ZODIAC AEROSPACE, 55% of commercial aircraft including the subject aircraft are equipped with "Zodiac Aerosafety evacuation slides," and AIR CRUISERS COMPANY, LLC d/b/a ZODIAC AERO EVACUATION SYSTEMS, is the sole producer of such items for ZODIAC AEROSPACE.

## C.  Agency and Concert of Action

13. At all times herein mentioned, Defendants, and each of them, were the agents, servants, alter egos, employees, partners, aiders and abettors, co-conspirators and/or joint venturers of each of the remaining Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise conspiracy, alter ego and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants.  Each Defendant aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein.  In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

/ / /

## V. FACTUAL BACKGROUND FOR THE CLAIMS ASSERTED

14. On July 6, 2013 at approximately 11:27 a.m. PDT, the main landing gear and fuselage of a Boeing 777-200ER, registration HL7742 ("subject aircraft") operating as ASIANA Flight 214 ("subject flight") impacted the airport perimeter sea wall just short of runway 28L at SFO while attempting to land following a perilously low altitude flight-path, low air-speed approach.

15. This crash and its aftermath should never have occurred. It was a by-product of reckless inattention and errors by the inadequately trained ASIANA flight crew in combination with dangerous design defects and shortcomings with auto flight modes, low airspeed warning systems, safety harnesses, and emergency evacuation slides incorporated into the BOEING aircraft.

16. BOEING inadequately designed, manufactured, distributed and/or sold the aircraft that crashed on July 6, 2013 with a number of defects, including a faulty auto-throttle control system, inadequate auto-throttle warnings, ineffective low-speed warnings, and/or lap-only seat belts in sections of its aircraft.

17. BOEING failed to adequately train, notify, monitor, supervise and/or update pilots to fly the BOEING 777-200ER; and/or warn ASIANA of concerns BOEING knew or should have known about the unfitness of ASIANA pilots to fly the BOEING aircraft.

18. ASIANA negligently operated, maintained, controlled, equipped, and/or piloted the fateful aircraft, including failing to provide passengers in Economy Class with the same robust seat restraint systems as those in Business Class.

19. ASIANA failed to properly hire, train, and/or monitor its pilots to assure they had the required skill and experience to safely land their aircraft at all airports in which ASIANA did business.

20. AIR CRUISERS COMPANY, LLC d/b/a ZODIAC AERO EVACTUATION SYSTEMS, a subsidiary of ZODIAC AEROSPACE, S.A. caused further injuries to the passengers by providing emergency evacuation slides which opened in the cabin injuring

ABBREVIATED COMPLAINT 4

passengers and crew or failed to operate or open forcing many passengers and others to jump and fall into wreckage and onto the tarmac.

## VI. CAUSES OF ACTION

- ☑ Negligence (Asiana Airlines)
- ☑ Passenger Liability (Asiana Airlines)
- ☑ Negligence (The Boeing Company)
- ☑ Breach of Warranty (The Boeing Company)
- ☑ Strict Liability (The Boeing Company)
- ☐ Negligence (Air Cruisers d/b/a Zodiac Aerospace)
- ☐ Breach of Warranty (Air Cruisers d/b/a Zodiac Aerospace)
- ☐ Strict Liability (Air Cruisers d/b/a Zodiac Aerospace)
- ☐ Loss of Consortium (All Defendants)
- ☐ Other_____

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth below.

1. For compensatory and general damages according to proof;
2. For past and future medical expenses and incidental expenses according to proof;
3. For past and future loss of earnings and earning capacity according to proof;
4. For loss of personal property and personal effects according to proof;
5. For loss of consortium according to proof;
6. For pre- and post-judgment interest on all damages as allowed by the law;
7. For attorneys and expert/consultant fees under existing law;
8. For injunctive relief mandating that all Asiana pilots receive comprehensive training and demonstrate minimum proficiency in landing procedures and basic safety protocols.
9. For costs of suit incurred herein; and
10. For such other and further relief as the Court may deem just and proper.

Dated: December 23, 2014          **NOLAN LAW GROUP**

By:<u>/s/ Thomas P. Routh</u>
    THOMAS P. ROUTH
    *Attorney for the Plaintiff, Eugene Rah*

## VII.   JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: December 23, 2014          **NOLAN LAW GROUP**

By: <u>/s/ Thomas P. Routh</u>
    THOMAS P. ROUTH
    *Attorney for the Plaintiff, Eugene Rah*