**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EUGENE RAH,**<br><br>    Plaintiff**,**<br><br>vs.<br><br>**ASIANA AIRLINES INC., ET AL.,**<br><br>    Defendants**.** | CASE NO. 14-cv-05603-YGR<br><br>**ORDER RE: MOTIONS FOR ADJUDICATION OF CLAIMS TO FUNDS DEPOSITED IN THE COURT REGISTRY**<br><br>Re: Dkt. Nos. 61, 69. |

In late 2017, plaintiff Eugene Rah and defendant Asiana Airlines Inc. ("Asiana") reached an agreement by which Rah released all claims against all parties ("Settlement"). (Dkt. No. 52.) On February 5, 2018, the Court granted the joint motion filed by Rah and Asiana to deposit $1,150,000 of the confidential Settlement amount into the Court Registry. (Dkt. No. 56.) The sum represents an amount adequate to protect the interest of lien holders who had claims disputed by Rah at the time of the deposit: (1) Yonggoo Kang and Yonggoo Kang, LLC (collectively, "Kang LLC") for $224,963.90 plus interest; and (2) Hana Financial, Inc. ("Hana") for $750,000. (Dkt. No. 55.) Now before the Court are motions by Kang LLC and Hana for adjudication of their respective claims to the deposited funds.[1] (Dkt. No. 61 ("Kang LLC Motion"); Dkt. No. 69 ("Hana Motion").)

Having carefully reviewed the papers submitted, and for the reasons set forth more fully below, the Court **ORDERS** as follows:

1. The Court **GRANTS** Creditor Yonggoo Kang, LLC's motion for adjudication of its judgment lien and **ORDERS** creditor Yonggoo Kang, LLC to be paid its money

---

[1] The Court has reviewed the papers submitted by the parties in connection with motions by Kang LLC and Hana to adjudicate their claims to funds deposited in the Court Registry. The Court has determined that the motions are appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1     judgment in accordance with the judgment by the Superior Court of California for the County of San Francisco in the amount of $224,963.90 as well as interest accrued at the rate of $10% per year or $50.73 per day from June 16, 2015 to the date of release of the funds.

2. The Court **STAYS** Hana's motion to adjudicate its claim to the funds deposited in the Court Registry pending the resolution of state court matter *Eugene Rah v. Hana Financial, Inc.*, Los Angeles County Superior Court Case No. BC715687.

## I. KANG LIEN

### A. Factual Background

Kang LLC seeks to enforce a judgment lien in the amount of $224,963.90 with an interest rate of 10% per year or currently $50.73 per day. (Kang Motion at 2.) The basis of that judgment is a promissory note for the sum of $123,269.10 between borrowers Rah, Ximon & Ximon, Inc. ("Ximon"), and KPMA, LLC ("KPMA") and lender Yonggoo Kang, LLC ("Kang Note"). (*Id*; *see also* Dkt. No. 64, Ex. 1 at ECF 7.) On October 8, 2013, a Nevada state court entered, based on the Kang Note plus interest, an amended judgment by default against Rah in the amount of $185,192.27 ("Kang Judgment"). (*Id*; *see also* Dkt. No. 64, Ex. 2 at ECF 15.[2]) On June 16, 2015, the Kang Judgment was domesticated in the Superior Court of California for the County of San Francisco, which issued a judgment, based on the Kang Judgment plus interest, in the amount of $224,963.90. (*Id.* at 3; *see also* Dkt. No. 64, Ex. 4 at ECF 25.[3]) The domesticated Kang Judgment was served on Rah on July 29, 2015 at 8:20 a.m. at his home address in Las Vegas, Nevada. (*Id.*; *see also* Dkt. No. 65 at ECF 16-19.)

### B. Analysis

Federal Rule of Civil Procedure 69(a) requires that any "proceedings supplementary to and in aid of judgment or execution" be in "accord with the procedure of the state where the court is

---

[2] *Yonggoo Kang, et al v. Eugene Rah, et al.*, Nevada's Eighth Judicial District Court Case No. A-12-656971-C (Oct. 8, 2013).

[3] *Yonggoo Kang, et al v. Eugene Rah*, Case No. CPF 15-514345 (Jun. 16, 2015).

2

located . . . ." Fed. R. Civ. P. 69(a); *see also In re Levander*, 180 F.3d 114, 1121 (9th Cir. 1999). As required by California Code of Civil Procedure Section 1710.25, on June 16, 2015, Kang LLC obtained an entry of judgment based on a "sister state judgment." (Kang Motion at 3.[4]) On January 5, 2016, as required by California Code of Civil Procedure Section 708.410, Kang LLC filed with this Court a notice of lien, along with a certified copy of the domesticated Kang Judgment. (*Id.* at 3; *see also* Dkt. No. 64, Ex. 5.[5])

As a preliminary matter, the parties do not dispute the existence of the Kang Note, the Kang Judgment, or the California domestication thereof. Nor do they argue as to whether payments have been made as to either the note or the judgment. Instead, Rah argues that "extrinsic fraud" occurred in the execution of the Kang Note and in the filing and prosecution of the Nevada lawsuit that resulted in the Kang Judgment. (Dkt. No. 70, ("Kang Opposition") at 1.) Rah also challenges Kang LLC's standing to bring the instant motion. (*Id.*) In support of his argument for extrinsic fraud, Rah asserts that Yonggoo Kang (1) previously represented that he had no intention of pursuing the underlying note if another, concurrently executed note, was properly paid by a third party, Billboard Korea; (2) regularly communicated with Rah and never raised any issue as to the repayment of the underlying note; and (3) filed and pursued the collection action in Nevada court knowing that Rah was out of the country and then incapacitated due to the Asiana Airlines crash. (Kang Opposition at 11.) Yonggoo Kang denies each of these allegations. (*See* Dkt. No. 77 ("Kang Decl.") ¶¶ 5, 8-10.)

Rah's argument hinges on whether Yonggoo Kang's actions amount to "fraud on the court" under Nevada state law and therefore render the Kang Judgment unenforceable.[6] (*Id.* at 9-

---

[4] *Yonggoo Kang, et al v. Eugene Rah.*, Case No. CPF 15-514345 (Jun. 16, 2015).

[5] The Court notes that the Notice of Lien was originally filed in the related case, *In re Air Crash at San Francisco, California, on July 6, 2013*. (Case No. 4:13-md-02497, Dkt. No. 474.)

[6] Nevada Rule of Civil Procedure 60(b) requires that any motion to set aside a final judgment on the basis of extrinsic or intrinsic fraud must be filed "not more than 6 months after the proceeding was taken or the date that written notice of entry of the judgment or order was served." NRCP 60(b). For the six month time bar not to apply, as Rah now argues, his allegations of "extrinsic fraud" must rise to the level of "fraud upon the court," or "a species of fraud which does, or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of

3

10 (citing Nevada Rule of Civil Procedure 60(b).) Fraud on the court is "a species of fraud which does, or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases . . . ." *DC-DSH, Inc.*, 218 P.3d at 858. Kang LLC initiated the Nevada lawsuit on February 24, 2012, well before the Asiana Airlines crash on July 6, 2012. (Kang Decl. ¶ 11.) A prove up hearing, at which Yonggoo Kang testified under oath, was noticed and held on January 22, 2012. (*Id.* ¶ 12.) Rah did not appear. (*Id.*) In 2014, Rah was personally served by a Nevada process server with a copy of the Kang Judgment as well as an order requiring him to appear for a judgment debtor examination hearing in February 2015. (*Id.* ¶ 15.) Rah did not appear for the examination, and a bench warrant was issued by the Nevada court for his arrest. (*Id.* ¶ 16.) Rah was subsequently arrested. (*Id.*) Rah does not contest any of these facts. (*See* Dkt. No. 85, Plaintiff's Objection to Reply Evidence; Dkt. No. 98, Plaintiff's Supplemental Briefing in Response to Court Order.)

Even taking Rah's allegations as true,[7] they fail to show that Kang LLC prevented Rah "either from knowing about his rights or defenses, or from having a fair opportunity of presenting them . . . ." *See Savage v. Salzmann*, 88 Nev. 193, 195 (1972) (citing *Murphy v. Murphy*, 65 Nev. 264, 271 (1948)). Rah had an opportunity to appear at the judgment debtor examination hearing and failed to do so. To date, and aside from his opposition to Kang's instant motion, Rah has not endeavored to challenge the validity of the Kang Judgment. Rah also had an opportunity to challenge the California domestication of the Kang Judgment pursuant to California Code of Civil Procedure Section 1710.30(a). The "Notice of Entry of Judgment on Sister-State Judgment,"

---

adjudging cases . . . ." *DC-DSH, Inc. v. Garner*, 218 P.3d 853, 858 (Nev. 2009).

[7] Rah does not submit any evidence to support his allegations regarding Yonggoo Kang's actions, other than his own declaration. (*See* Dkt. No. 73 ("Rah Decl.") ¶¶ 11, 14, 16.) Rah's failure to provide documentation or other evidence to support his allegations constitutes a separate basis for denying his request to set aside the Kang Judgment. *See* NRCP 9(b) (providing that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"); *see also Savage*, 88 Nev. at 196 (holding that appellant's allegation of a prior agreement that would have obviated the default judgment in question is insufficient to survive a motion to dismiss based on that judgment).

4

which was served on Rah on July 29, 2015, specifically stated that "[u]nless you file a motion to vacate the judgment in this court within 30 days after service of this notice, this judgment will be final." (*See* Dkt. No. 65, Ex. 3 at ECF 16-19.) Rah did not file any such motion.[8] (Rah Decl. ¶ 21.) Additionally, Rah does not allege that Younggoo Kang, or his counsel, attempted to mislead or mis-use either the Nevada or California courts. Although Rah's allegations may have provided support for a defense against the claims brought against him in Nevada state court, they do not support a finding that Kang LLC endeavored to "subvert the integrity of the court itself" and therefore do not constitute a sufficient basis under Nevada state law to set aside the Kang Judgment or the California domestication thereof.[9] *DC-DSH, Inc.*, 218 P.3d at 858.

Additionally, the Court is unpersuaded by Rah's argument regarding standing.[10] Rah alleges that Yonggoo Kang, LLC was dissolved on January 31, 2016 and therefore lacks standing to bring the instant motion.[11] Yonggoo Kang, LLC has since revived its status and is only seeking

---

[8] The Kang Judgment was served on Rah on July 29, 2015 at 8:20 a.m. at his home address in Las Vegas, Nevada. (*See* Dkt. No. 65, Ex. 3 at ECF 16-19.) Although Rah received this notice two years after the Asiana Airlines crash, at a time when Rah avers that he was still focused on recovery, there is nothing in the record to suggest that the timing of this service represents an effort by Kang LLC to prevent Rah from "knowing about his rights." *Savage*, 88 Nev. at 195.

[9] The Court notes that Rah's written response to the Court's July 27, 2018 order largely reiterates this fraud-on-the-court argument and does not provide any new information. (*See* Dkt. No. 98.) Rah does note that he plans to initiate proceedings in Nevada state court to address the purported fraud on the court that allegedly occurred there. (*Id.* at ECF 3-4.) However, given that three years has elapsed since Rah's received notice of the Kang Judgment and the domestication thereof on July 29, 2015, the Court is not persuaded that the presence of the action Rah describes in his response will alter the Court's determination that Rah was not prevented "either from knowing about his rights or defenses, or from having a fair opportunity of presenting them . . . ." See *Savage*, 88 Nev. at 195 (internal citation omitted).

[10] Kang LLC does not appear to contest Rah's argument that because Yonggoo Kang, the individual, was not a party to the underlying promissory note, he lacks standing to bring the instant motion. (*See* Dkt. No. 76 ("Kang Reply") at 3 ("The Request for adjudication of the lien and release of the funds should be granted as to Yonggoo Kang, LLC only.").)

[11] In connection with his opposition to Kang LLC's motion, Rah requests that the Court take judicial notice of three printouts from the website of the Nevada Secretary of State records for Yonggoo Kang, LLC. (Dkt. No. 71.) This document is available publically on the Nevada Secretary of State's website. Accordingly, the Court **GRANTS** Rah's request to take judicial notice of this public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original).

judgment on its behalf.[12] Moreover, the dissolution occurred well after Kang LLC obtained domestication of the Kang Judgment and filed that judgment with this Court in the instant action. Thus, Kang LLC sought this Court's intervention prior to the dissolution of Yonggoo Kang, LLC.

Accordingly, the Court **GRANTS** Kang LLC's motion for adjudication of their judgment lien and **ORDERS** creditor Yonggoo Kang, LLC to be paid its money judgment in accordance with the judgment by the Superior Court of California for the County of San Francisco in the amount of $224,963.90 as well as interest accrued at the rate of $10% per year or $50.73 per day from June 16, 2015 to the date of release of the funds. *See Yonggoo Kang, et al v. Eugene Rah.*, Case No. CPF 15-514345 (Jun. 16, 2015).

## II. HANA LIEN

### A. Factual Background

Hana moves to adjudicate its claim to $750,000 of the proceeds of the Settlement on the basis of a promissory note in the amount of $750,000 between Rah and third-party Sean Chun, the rights to which Chun subsequently assigned in full to Hana. (Hana Motion at 1.) On April 30, 2015, Rah executed a promissory note with Chun in which he "promise[d] to pay through an Irrevocable Assignment of Proceeds the sum of $750,000.00 upon the settlement or by way of judgment of a lawsuit known as Eugene Rah v. Asiana Airlines, USDC Case No. 4:14-CV-05603 YGR . . . " ("Chun Note"). (Hana Motion, Ex. 1 at 1.) On April 30, 2015, concurrently with the execution of the Chun Note, Rah executed an Irrevocable Assignment of Proceeds, which assigned to Chun $750,000.00 of the proceeds from the Settlement amount ("Chun Assignment"). (*Id.*, Ex. 2 at 1.)

On November 30, 2015, Chun executed another Irrevocable Assignment of Proceeds assigning to Hana his "right to receive the proceeds in the sum of $750,000.00 . . . from the

---

[12] In connection with Kang LLC's reply in support of its motion, Kang LLC requests that the Court take judicial notice of three printouts from the website of the Nevada Secretary of State records for Yonggoo Kang, LLC. (Dkt. No. 78.) This document is available publically on the Nevada Secretary of State's website. Accordingly, the Court **GRANTS** Kang LLC's request to take judicial notice of this public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original).

proceeds of settlement or judgment . . . arising out of an airplane crash known as Eugene Rah v. Asiana Airlines, USDC Case No. 4:14-CV-05603 YGR" and attaching the assignment Chun had received from Rah ("Hana Assignment"). (*Id.*, Ex. 3 at 1.) Hana filed notice of interest in proceeds in the instant matter on October 26, 2017. (Dkt. No. 44.)

On July 27, 2018, Rah filed a summons and compliant against Hana in Los Angeles Superior Court for declaratory relief.[13] (*See* Dkt. No. 100, Ex. A, *Eugene Rah v. Hana Financial, Inc.*, Los Angeles County Superior Court Case No. BC715687 ("LA State Case".) Specifically, Rah seeks a judicial determination and declaratory judgment that (i) he had no obligation under the Chun Note, (ii) any obligation thereunder is invalid and unenforceable, (iii) the Chun Note is void for lack of consideration, (iv) Hana has no right of recovery from Rah, and (v) Rah is entitled to the distribution of $1,100,000 which is currently held in escrow by this Court in the instant action. (LA State Case 5-6.)

### B. Analysis

In light of the lack of a money judgment regarding the Chun Note and the assignment thereof and the pending litigation in Los Angeles Superior Court, the Court finds in favor of a stay pending resolution of the matter before the state court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that a trial court has broad discretion to stay proceedings pending the resolution of independent proceedings elsewhere).

Accordingly, the Court **STAYS** Hana's motion for adjudication of its claims to the funds deposited in the Court Registry pending the resolution of state court matter *Eugene Rah v. Hana Financial, Inc.*, Los Angeles County Superior Court Case No. BC715687.

---

[13] In connection with Rah's response to the Court's July 27, 2018 order, Rah requests that the Court take judicial notice of a summons and complaint for declaratory relief filed with the Los Angeles Superior Court on July 27, 2018, against Hana Financial, Inc. entitled *Eugene Rah v. Hana Financial, Inc.*, Los Angeles County Superior Court Case No. BC715687. (Dkt. No. 100.) These court records have been filed with the State of California and are maintained on the court's website. Accordingly, the Court **GRANTS** Rah's request to take judicial notice of this public court record. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original).

**III. CONCLUSION**

For the reasons above, the Court **ORDERS** as follows:

1. The Court **GRANTS** Creditor Yonggoo Kang, LLC's motion for adjudication of its judgment lien and **ORDERS** that Yonggoo Kang, LLC be paid its money judgment in accordance with the judgment by the Superior Court of California for the County of San Francisco in the amount of $224,963.90 as well as interest accrued at the rate of $10% per year or $50.73 per day from June 16, 2015 to the date of release of the funds.

2. The Court **STAYS** Hana's motion to adjudicate its claim to the funds deposited in the Court Registry pending the resolution of state court matter *Eugene Rah v. Hana Financial, Inc.*, Los Angeles County Superior Court Case No. BC715687.

3. Accordingly, the Court **SETS** a compliance hearing on the Court's **9:01 a.m.** calendar on **Friday, November 2, 2018**. By no later than **Friday, October 26, 2018**, Hana and Rah shall file either (a) a joint status report on the progress of the state court matter *Eugene Rah v. Hana Financial, Inc.*, Los Angeles County Superior Court Case No. BC715687; or (b) a one-page joint statement setting for an explanation regarding the failure to comply. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar. Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion.

This Order terminates Docket Number 61.

**IT IS SO ORDERED.**

Dated: August 3, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

8