# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE RAH,**<br>    Plaintiff**,**<br>vs.<br>**ASIANA AIRLINES INC, ET AL.,**<br>    Defendants**.** | CASE NO. 14-cv-05603-YGR<br><br>**ORDER DENYING EX PARTE APPLICATION FOR IMMEDIATE STAY AND ORDER SHORTENING TIME ON PROPOSED MOTION TO STAY RELEASE OF FUNDS**<br><br>Re: Dkt. No. 102 |

In late 2017, plaintiff Eugene Rah and defendants Asiana Airlines Inc. ("Asiana") and The Boeing Company ("Boeing") reached an agreement by which Rah released all claims against all parties ("Settlement"). (Dkt. No. 41.) On February 5, 2018, the Court granted the joint motion filed by Rah, as well as Asiana and Boeing, to deposit $1,150,000 of the confidential Settlement amount into the Court Registry. (Dkt. No. 56.) The sum represents an amount adequate to protect the interest of lien holders who had claims disputed by Rah at the time of the deposit: (1) Yonggoo Kang and Yonggoo Kang, LLC (collectively, "Kang LLC") for $224,963.90 plus interest; and (2) Hana Financial, Inc. for $750,000. (Dkt. No. 55.) On August 3, 2018, the Court granted a motion by Kang LLC for adjudication of its judgment lien and ordered the release of the deposited funds in the amount of $224,963.90 plus interest. (Dkt. No. 101 ("Adjudication Order").) Now before the Court is Rah's ex parte application for immediate stay and order shortening time on proposed motion to stay the release of funds to Kang LLC. (Dkt. No. 102-1 ("Stay Application").)

Having carefully reviewed the papers submitted, and for the reasons set forth more fully below, the Court **DENIES** Rah's ex parte application for immediate stay and order shortening time on proposed motion to stay the release of funds to Kang LLC pursuant to the Adjudication Order.[1]

---

[1] The Court notes that Rah's failure to comply with Civil Local Rule 7-9 and 7-10 constitutes a separate basis for denying his ex parte application. Rule 7-10, which governs ex

## I. BACKGROUND

In its April 2018 motion, Kang LLC sought to enforce a judgment lien in the amount of $224,963.90 with an interest rate of 10% per year or currently $50.73 per day. (Dkt. No. 61 ("Adjudication Motion") at 2.) The basis of that judgment is a promissory note for the sum of $123,269.10 between borrowers Rah, Ximon & Ximon, Inc. ("Ximon"), and KPMA, LLC and lender Yonggoo Kang, LLC ("Note"). (*Id*; *see also* Dkt. No. 64, Ex. 1 at ECF 7.) On October 8, 2013, a Nevada state court entered, based on the Note plus interest, an amended judgment by default against Rah in the amount of $185,192.27 ("Judgment"). (*Id*; *see also* Dkt. No. 64, Ex. 2 at ECF 15.[2])

On June 6, 2014, the Nevada state court issued an order for examination of judgment debtor. (Docket in *Yonggoo Kang, et al v. Eugene Rah, et al*, No. A-12-656971-C .)[3] Following Rah's failure to appear for the examination, on February 10, 2015, the court issued an order of contempt as well as a bench warrant for Rah's arrest. (*Id.*) On February 26, 2015 Rah appeared in

---

parte motions, explicitly states that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with certain exceptions. The only permitted filings are: (1) an objection to reply evidence, and (2) a statement of recent decision. The Rule further provides that an ex parte motion may be filed "only if a statute, Federal Rule, local rule or Standing order authorizes the filing of an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis." Civ. L.R. 7-10. Rah's ex parte application includes no such citation. (*See* Stay Application.)

Moreover, Rah's application seems more analogous to a motion for reconsideration of the Court's Adjudication Order. However, in failing to obtain leave of court to file the instant application or motion, Rah has failed to comply with the local rule governing motions for reconsideration. *See* Civ. L.R. 7-9(a). Additionally, and as discussed herein, Rah's application further violates the local rules by repeating the arguments he made in opposition to the Adjudication Order, which he now seeks to have reconsidered. *See* Civ. L.R. 7-9(c).

[2] *Yonggoo Kang, et al v. Eugene Rah, et al.*, Nevada's Eighth Judicial District Court Case No. A-12-656971-C (Oct. 8, 2013).

[3] The Court takes judicial notice of the docket and events and orders of the court in Nevada state court matter *Yonggoo Kang, et al v. Eugene Rah, et al*, Nevada's Eighth Judicial District Court Case No. A-12-656971-C. The docket and corresponding events and orders are publically available at the website of the Nevada State Court Eighth Judicial District (https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=9200368). These court records have been filed with the State of Nevada and are maintained on the court's website. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original).

Nevada state court based on the bench warrant. (*Id.*) During his appearance, "Mr. Rah stated he understands why he is hear [sic], provided the Court with an explanation surrounding his circumstances and requested he be released promising he will appear for the examination." (*Id.*) Rah's request for release was denied, and he was taken into custody until the debtor examination the following day. (*Id.*) On February 27, 2015 Rah appeared for the debtor examination and was subsequently released from custody. (*Id.*)

On June 16, 2015, the Judgment was domesticated in the Superior Court of California for the County of San Francisco, which issued a judgment, based on the Judgment plus interest, in the amount of $224,963.90. (*Id.* at 3; *see also* Dkt. No. 64, Ex. 4 at ECF 25.[4]) The domesticated Judgment was served on Rah on July 29, 2015 at 8:20 a.m. at his home address in Las Vegas, Nevada. (*Id.*; *see also* Dkt. No. 65 at ECF 16-19.)

On October 20, 2017, Rah, along with defendants Asiana and Boeing, filed a joint statement with the Court that explained that Rah had, at that time, "two notice of judgment filed against him in this matter for default judgments that were obtained for prior business activities." (Dkt. No. 42 at 2.) On January 5, 2018, in another joint statement to the Court, Rah notified the Court of his plans to file a "Motion for an Order to have certain settlement funds deposited in the Court Registry where they may be held pending resolution of the liens . . ." (Dkt. No. 52 at 2.) Rah, along with Asiana and Boeing, filed such a motion on February 2, 2018. (*See* Dkt. No. 55.) The motion identified Yonggoo Kang and Yonggoo Kang LLC as a lien holder with a claim of $224,963.90 plus interest. (*Id.* at 2.) On April 17, 2018, Kang LLC filed the Adjudication Motion requesting that the Court enforce the Judgment and release the corresponding funds. (Dkt. No. 61.) The Court issued the Adjudication Order, granting that motion and ordering the release of deposited funds in the amount of $224,963.90 as well as interest accrued at the rate of 10% per year or $50.73 per day from June 16, 2015 to the date of release of the funds, in accordance with the judgment by the Superior Court of California for the County of San Francisco. (Adjudication Order.)

---

[4] *Yonggoo Kang, et al v. Eugene Rah*, Case No. CPF 15-514345 (Jun. 16, 2015).

3

1    On August 3, 2018, the same day as this Court's Adjudication Order, Rah filed a motion to set aside the default and Judgment in the Nevada state court action. (Dkt. No. 103 at ECF 2.)[5] The hearing on this motion is set for September 4, 2018. (*Id.*)

## II. DISCUSSION

Rah's ex parte application for an immediate stay as to the portion of the Adjudication Order that allows for the distribution of funds requested by Kang LLC and to shorten time on Rah's proposed notice motion for stay is, in effect, a motion for reconsideration of the Adjudication Order. Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). Absent highly unusual circumstances, a court should not grant a motion for reconsideration unless the court "is presented with newly discovered evidence, committed a clear error, or if there is an intervening change in the controlling law." *Id.* (internal citations omitted).

Rah's request for an immediate stay on the release of funds to Kang LLC pursuant to the Adjudication Order relies on essentially the same facts and arguments as his opposition to Kang LLC's Adjudication Motion. (*See* Stay Application at 2.)[6] Once again Rah argues that Kang LLC perpetrated a "fraud on the court" in obtaining the Judgment because Yonggoo Kang (1) previously represented that he had no intention of pursuing the underlying note if another, concurrently executed note, was properly paid by a third party, Billboard Korea; (2) regularly communicated with Rah and never raised any issue as to the repayment of the underlying note;

---

[5] In connection with his ex parte application, Rah requests that the Court take judicial notice of his motion to set aside default and default judgment filed with the Eight Judicial District, Clark County, Nevada on August 3, 2018 in the matter entitled *Yonggoo Kang, et al v. Eugene Rah, et al.*, Nevada's Eighth Judicial District Court Case No. A-12-656971-C. (Dkt. No. 103 ("Rah Nevada Motion").) These court records have been filed with the State of Nevada and are maintained on the court's website. Accordingly, the Court **GRANTS** Rah's request to take judicial notice of this public court record. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original).

[6] Page numbers of Rah's Stay Application refer to ECF pagination as the document does not include page numbers of its own.

4

and (3) filed and pursued the collection action in Nevada court knowing that Rah was out of the country acting on Kang's behalf and then incapacitated due to the Asiana Airlines crash. (*See id.* at 3-4; *see also* Dkt. No. 70, Rah Opposition to Adjudication Motion, at 11.) The instant application adds only a handful of documents related to Rah's travels to South Korea in December 2011 and February 2012 as well as the fact of Rah's August 3, 2018 motion and upcoming hearing in Nevada state court.[7] Neither Rah's recent motion in Nevada state court nor the additional travel details and documentation constitute newly discovered evidence, and Rah has not shown that the Court committed a clear error or that there is intervening change in the controlling law. *See Kona Enters, Inc.*, 229 F.3d at 890. Accordingly, the Kang LLC's Adjudication Motion and Rah's opposition thereto are not appropriate for reconsideration.

Moreover, even taking into consideration the additional information and documents Rah has provided, the Court remains unpersuaded by Rah's argument that Kang LLC perpetrated a "fraud on the court" in obtaining the Judgment. Once again, Rah fails to show that Kang LLC prevented him "either from knowing about his rights or defenses, or from having a fair opportunity of presenting them . . . ." *See Savage v. Salzmann*, 88 Nev. 193, 195 (1972) (citing *Murphy v. Murphy*, 65 Nev. 264, 271 (1948)). Kang LLC attempted to execute service on Rah on February 29, 2012, March 1, 2012, March 3, 2012, and March 4, 2012. (Rah Nevada Motion, Ex. B at ECF 60.)[8] Rah avers that he had travelled to South Korea in December 2011 and early 2012 pursuant to Yonggoo Kang's demands and was therefore out of the country when Kang LLC attempted service. (Stay Application at 4 (Rah Nevada Motion, Ex. A-E at ECF 40-53).) To support this claim, Rah points to five exhibits: (A) a hotel receipt for Park Hyatt Seoul for December 16, 2011 through December 23, 2011;[9] (B) a certificate of remittance from Shinhan

---

[7] The Court notes that Rah had an opportunity to provide additional information prior to the Court's decision on the Adjudication Motion. Specifically, on July 27, 2018 the Court directed Rah to a written response to the reply evidence provided by Kang LLC in the papers they submitted in support of their Adjudication Motion. (Dkt. No. 95.)

[8] The Court notes that the document at Dkt. No. 103 appears to include two documents marked as "Exhibit B" and so uses ECF pagination to provide clarification.

[9] This document includes the following handwritten note: "*from Dec 16, 2011 thru Dec 23, 2011 Met Kang at 'LAS' on departure."

Bank in the amount of $100,000 dated February 1, 2012;[10] (C) a receipt for 28.000;[11] (D) a receipt for the amount 39,500;[12] and (E) a hotel receipt for the Park Hyatt Seoul for February 11, 2012 through February 14, 2012.[13] (*Id.*) None of these documents support Rah's assertion that he was out of the country on February 29, 2012, March 1, 2012, March 3, 2012, and March 4, 2012. Nor do they provide evidence that Kang LLC was aware of Rah's travels. The Court is not persuaded by Rah's handwritten references to Yonggoo Kang's financial support or meetings with individuals on Yonggoo Kang's behalf. Rah further asserts that he "returned briefly to the United States for approximately ten days in mid-March, 2012 and then began traveling out of the country from approximately April 2012 until the plane crash on July 6, 2013." (Stay Application at 4.) Rah does not provide any documents to support this claim.

The Court is similarly unpersuaded by Rah's argument that a stay of the Court's August 3, 2018 Adjudication Order is necessary to "avoid entangling federal and state courts and conflicting rules." (Stay Application at 6.) Rah created this purported entanglement by filing his motion to set aside the Judgment in Nevada state court on the same day as the Court issued the Adjudication Order granting Kang LLC's Adjudication Motion.

Moreover, Rah's state court motion is untimely. Rah focuses on April 17, 2018, the date on which Kang LLC filed its Adjudication Motion, as the starting point for his efforts to take action with respect to the Kang Judgment. (Stay Application at 6.) He avers that "[w]ithin two weeks [of the April 17, 2018 motion], [he] had retained California counsel to address their motion and begin to gather information and evidence . . . ." (Stay Application at 6.) However, Rah has

---

[10] Much of this document is in a foreign language, which appears to be Korean. No translation was provided.

[11] Again, much of this document appears to be in Korean, and no translation was provided. It is unclear what currency applies to the amount of "28.000." The document includes the following hand written note: "Lunch with Clay Feb 17, 12".

[12] Again, much of this document appears to be in Korean, and no translation was provided. It is unclear what currency applies to the amount of "39,500." The receipt does appear to include the date, 2012/02/21. The document includes the following hand written note: "Coffee [undecipherable] with Clay Feb 21, 12".

[13] This document includes the following handwritten note: "*Kang helped me on this trip. *Cash $2900 a night before my Dep. Asiana from LAS-SFO-ICN."

been aware of the Judgment since at least February 2015, when he was arrested pursuant to a bench warrant, held in custody overnight, and appeared at the debtor examination hearing on February 27, 2015. (Docket in *Yonggoo Kang, et al v. Eugene Rah, et al*, No. A-12-656971-C.) During his appearance in response to the bench warrant, Rah indicated that he understood why he had been summoned to court. (*Id.*) Moreover, Rah has been aware of Kang LLC's intent to pursue the Judgment since at least October 2017, at which point he "ha[d] hired independent counsel in California and Nevada to assist in assessing the validity of default judgments and the resolution of the claims by the lien holders." (*See* Dkt. No. 42 at 2.)

Accordingly, the Court finds that an immediate stay is unnecessary in this case and any motion for a stay, whether filed pursuant to a shorten schedule or not, would be futile.

### III. CONCLUSION

For the foregoing reasons, Rah's ex parte application for immediate stay and an order shortening time on a proposed motion to stay the release of funds pursuant to the Adjudication Order, which amounts to a motion to reconsider the Adjudication Order, is **DENIED**.

This Order terminates Docket Number 102.

**IT IS SO ORDERED.**

Dated: August 20, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**